* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Phillips with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as: *Page 2 
 STIPULATIONS
1. The parties hereto are subject to the jurisdiction of the North Carolina Worker's Compensation Act and to the North Carolina Industrial Commission.
2. At all relevant times an employment relationship existed between Plaintiff and Defendant-Employer.
3. The employer is self-insured with Comp Management, Inc., as administrator.
4. Plaintiff's average weekly wage is $372.12, which yields a compensation rate of $248.09.
5. Defendants admit Plaintiff sustained an injury by accident on March 22, 2004.
6. Defendants admit the injury arose out of and in the course of employment and is compensable.
 * * * * * * * * * * *
The parties submitted to the Deputy Commissioner the following documentary evidence:
EXHIBITS
1. Stipulated Exhibit No. 1 — Industrial Commission forms, Medical Records of Plaintiff, Plaintiff's personnel file, Answers to Discovery;
2. Deposition Transcript of Dr. Jerry l. Barron with attachment (Deposition Exhibit No. 1 — dated February 10, 2005); and
3 Deposition Transcript of Dr. Graham Bullard with attachment (Deposition Exhibit No. 1 — dated July 7, 2005).
 * * * * * * * * * * * ISSUES *Page 3 
1. Whether treatment, retroactively and in the future, should be approved with Dr. Jerry Barron and Dr. Graham Bullard/Southeast Pain Care;
2. Whether Plaintiff has refused a pain facility approved by Defendants;
3. Whether Plaintiff is at maximum medical improvement;
4. Whether Plaintiff's disability is related to her injury; and
5. Whether Defendants are entitled to any further relief.
 * * * * * * * * * * *
Based upon all of the competent evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was 47 years old. Plaintiff began working for Defendant-Employer, a furniture manufacturer, in March 1993 as a hand sander, a position that required her to stand full time.
2. On March 22, 2004, Plaintiff sustained an injury by accident arising out of and in the course of her employment with Defendant-Employer when she slipped in grease. As a result of the fall, Plaintiff twisted her left leg, which resulted in a fracture of the proximal fibula just below Plaintiff's left knee.
3. Plaintiff received treatment the same day with Dr. David Abernethy, the company doctor, who sent Plaintiff to Dr. Jeffrey Keverline, an orthopaedic surgeon. Dr. Keverline ordered x-rays and prescribed a walker, crutches, cane, and knee brace. A May 1, 2004 MRI revealed knee joint effusion.
4. On May 12, 2004, Plaintiff underwent an unrelated left ankle surgery by Dr. William Geideman, and was released to sit down work on November 5, 2004. *Page 4 
5. On December 10, 2004, Dr. Keverline found Plaintiff to be at maximum medical improvement, and assigned a ten percent (10%) permanent partial disability rating to Plaintiff's left leg. Dr. Keverline also assigned restrictions of sit down work only. Plaintiff continued to experience pain in her left leg.
6. Plaintiff appealed the January 4, 2005 administrative denial of her motion to obtain a second opinion on her need for further medical treatment.
7. On February 10, 2005, Plaintiff arranged to see Dr. Jerry Barron, a knee specialist. On March 1, 2005, Dr. Barron ordered another MRI, which revealed a small amount of fluid on Plaintiff's left knee. On April 14, 2005, Dr. Barron recommended treatment for Plaintiff at Southeast Pain Care with Dr. Graham Bullard in Lincolnton, North Carolina. Dr. Bullard is a pain treatment specialist.
8. Defendants authorized Plaintiff to see Dr. Keverline on June 30, 2005, and Dr. Keverline agreed with Dr. Barron's recommendation for treatment at a pain clinic.
9. Plaintiff began treatment with Dr. Graham Bullard of Southeast Pain Care in Lincolnton on July 7, 2005. Southeast Pain Care has since opened an office in Morganton, which is closer to Plaintiff's home in Lenoir. Plaintiff wishes to continue treatment with Southeast Pain Care.
10. Both Dr. Barron and Dr. Bullard testified that Plaintiff's continuing pain condition is a result of her work-related injury and is not due to other conditions.
11. The Full Commission finds that as a direct result of Plaintiff's March 22, 2004 admittedly compensable injury, Plaintiff continues to experience pain in her left lower extremity.
12. Both Dr. Barron and Dr. Keverline have restricted Plaintiff to sit down work with elevation as needed to reduce pain and swelling for her injured left leg. *Page 5 
13. The Full Commission finds there to be insufficient evidence of record to establish that Plaintiff declined to treat at a pain management facility offered by Defendants.
14. The Full Commission finds there to be insufficient evidence upon which to find that Plaintiff suffered any diminished wage earning capacity after being released to return to work on December 10, 2004. Defendants are entitled to a credit for any temporary total disability compensation paid to plaintiff after December 10, 2004.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On March 22, 2004, Plaintiff sustained an injury by accident arising out of and in the course and scope of her employment. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to receive temporary total disability benefits at the weekly rate of $248.09 from March 22, 2004, the date of her injury by accident, through December 10, 2004, the date Plaintiff was returned to work by Dr. Keverline. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to receive permanent partial disability benefits at the weekly rate of $248.09 for 20 weeks, which totals $4,961.18, for the ten percent (10%) permanent partial disability rating to Plaintiff's left leg when she was found to be at maximum medical improvement by Dr. Keverline on December 10, 2004.
4. Plaintiff has shown by the greater weight of the evidence that her continuing pain management requirements are directly related to the compensable injury by accident of March 22, 2004. N.C. Gen. Stat. §§97-2(19) and 97-25. Accordingly, Plaintiff is entitled to have Defendants pay for medical expenses incurred or to be incurred as a result of the compensable *Page 6 
injury as may be required to provide relief, effect a cure or lessen the period of disability, including the continuing treatment provided by Dr. Keverline, Dr. Bullard and Southeast Pain Care, and the treatment recommendations of Dr. Barron. Id. Plaintiff is directed to follow the pain treatment recommendations deemed appropriate by Dr. Keverline.Id.
5. Defendants are entitled to a credit for any temporary total disability compensation paid to plaintiff after December 10, 2004, the date plaintiff was found to be at MMI and released to return to work by Dr. Keverline. N.C. Gen. Stat. § 97-42.
 * * * * * * * * * * * Based upon the foregoing findings of fact and conclusions of law, theFull Commission enters the following:
 AWARD
1. Defendants shall pay to Plaintiff temporary total disability benefits at the weekly rate of $248.09 from March 22, 2004, through December 10, 2004, subject to the attorney's fee provided herein.
2. Defendants shall pay to Plaintiff permanent partial disability benefits at the weekly rate of $248.09 for 20 weeks, which totals $4,961.18, for the ten percent (10%) permanent partial disability rating to Plaintiff's left leg, subject to the attorney's fee provided herein. Because such compensation has accrued, it shall be paid to the plaintiff in lump sum.
3. Defendants shall pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability, including the continuing treatment provided by Dr. Keverline, Dr. Bullard and Southeast Pain Care, and the treatment recommendations of Dr. Barron. Plaintiff is directed to follow the pain treatment recommendations deemed appropriate by Dr. Keverline. *Page 7 
4. Defendants shall pay to Plaintiff's counsel a reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation awarded herein. Fees that are based upon compensation that has accrued shall be paid to Plaintiff's counsel in a lump sum.
5. Defendants shall receive a credit for any temporary total disability compensation paid to Plaintiff after December 10, 2004.
6. Defendants shall pay the costs of this action.
This 29th day of January 2007.
 S/__________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
 S/ ____________________ THOMAS J. BOLCH COMMISSIONER *Page 1